UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FERNANDO FRAIJO, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>METRO ONE LOSS PREVENTION SERVICES GROUP, INC., a Maryland corporation, METRO ONE LOSS PREVENTION SERVICES GROUP (WEST COAST), INC., AND METRO ONE LOSS PREVENTION SERVICES GROUP (GUARDS), INC.,<br><br>Defendants. | Case No. 3:26-cv-05733<br><br>ORDER DENYING MOTIONS TO STAY AND FOR EXPEDITED CONSIDERATION |

## I. ORDER

The Court previously remanded this action to Pierce County Superior Court ("Remand Order"), concluding that it lacked subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Dkt. 26. Defendants Metro One Loss Prevention Services Group, Inc., Metro One Loss Prevention Services Group (West Coast), Inc., and Metro One Loss Prevention Services Group (Guards) (collectively, "Metro One") have petitioned the Ninth Circuit for permission to appeal the Remand Order under CAFA and now move to stay that order

pending resolution of the appeal. Dkt. 27. Metro One also requests expedited consideration of its motion to stay and a ruling by November 12, 2026, before the remand becomes effective. *Id.*; Dkt. 28. For the reasons given below, the Court DENIES Metro One's motion to stay.

While remand orders to state courts are generally unreviewable on appeal, 28 U.S.C. § 1447(d), CAFA authorizes discretionary appellate review of remand orders entered under it. 28 U.S.C. § 1453(c). A stay pending appeal, however, is not automatic. Both district courts and courts of appeal consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Ninth Circuit has applied the *Hilton* factors by requiring the stay applicant to show either "a strong likelihood of success on the merits and the possibility of irreparable harm" or that serious legal questions are raised and the "balance of hardships tips sharply in ... favor [of the stay applicant]." *Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112, 1115–16 (9th Cir. 2008) (citations omitted).

Metro One contends that a stay is warranted because its appeal presents "a substantial case on the merits" and "a serious legal question." Dkt. 27 at 3–4 ("[W]hether the Court required evidentiary support for Metro One's assumed violation rates rather than asking whether those assumptions reasonably interpreted the complaint.") (citation omitted). Metro One also asserts that the Court erred by "fault[ing]" Metro One for not providing additional records to support its assumed violation rates. *Id.* As to irreparable harm, Metro One argues that, absent a stay, the parties may have to litigate simultaneously in state and federal court, resulting in duplicative proceedings, unnecessary and unrecoverable expenditures, or disruptions. *Id.* at 4–5 (citing *Zielinski v. First Nat'l Ins. Co. of Am.*, No. 3:19-cv-06244-RBL, 2020 WL 2507993

(W.D. Wash. May 15, 2020)). Lastly, Metro One notes that a stay would not substantially injure Plaintiff Fernando Fraijo given CAFA's requirement that appeals from remand orders be resolved within 60 days. *Id.* at 5–6 (citing 28 U.S.C. § 1453(c)(2)).

The Ninth Circuit requires a stay applicant to make a "strong showing" that it is likely to succeed on the merits—*i.e.*, a reasonable probability that it will prevail on appeal. *Leiva–Perez v. Holder*, 640 F.3d 962, 966–67 (9th Cir. 2011). The Court finds that Metro One has not made the requisite showing; Metro One's motion rests on a misunderstanding of the core reasoning for the Court's remand. The Court concluded that several of Metro One's assumed violation rates—specifically, a 100 percent meal period violation rate and a fifty percent break violation rate—were not reasonably grounded in the allegations of the complaint as required by governing precedent. Dkt. 26 at 4. This is why the Court supplied a 20 percent violation rate to assess the amount-in-controversy requirement *Id.* at 6. The Court explained that the complaint repeatedly limited the alleged violations with qualifying language such as "at times" and "sometimes," and Fraijo's complaint therefore did not reasonably support many of Metro One's assumptions. *See id.* The Court accordingly determined that Metro One's assumptions impermissibly extrapolated beyond the complaint's allegations and failed to establish CAFA jurisdiction by a preponderance of the evidence. *Id.* Metro One's motion to stay focuses on the Court's observation that Metro One did not provide "additional evidence" to support its rates. *Id.* at 6–7. When this statement is read in context, the Court's discussion of additional evidence did not impose an evidentiary requirement; it simply noted that Metro One had not otherwise provided a basis from which the Court could conclude that its assumed violation rates were reasonable. Accordingly, the Court finds that Metro One has not shown a strong likelihood of success on the merits of warranting a stay.

Metro One has likewise failed to show that it will suffer irreparable harm. The Ninth Circuit has not yet determined that it will accept the appeal. Metro One also has not identified any irreparable harm likely to occur during the brief period between its petition for appellate review and the Ninth Circuit's decision whether to grant it. If the Ninth Circuit grants review, Metro One may then seek appropriate relief from the state court, including a stay if warranted.

Thus, based on the facts presented, Metro One has not shown a strong likelihood of success on the merits or irreparable harm sufficient to warrant a stay.

## II. CONCLUSION

For all these reasons, the Court DENIES Metro One's Motion to Stay Remand Order Pending Ninth Circuit Review. Dkt. 27. Metro One's Motion for Expedited Consideration of Motion to Stay Remand Order Pending Ninth Circuit Review (Dkt. 28) is DENIED AS MOOT.

Dated this 10th day of November, 2026.

Tiffany M. Cartwright
United States District Judge